# UNITED STATED DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

PATRICK JURDON,

        Plaintiffs,

vs.

CITY OF HANFORD; CITY OF HANFORD POLICE DEPARTMENT; PARKER SEVER, in his individual and official capacity; GABRIEL JIMENEZ, in his individual capacity; JAMES LUTZ, in his individual capacity; KARL ANDERSON, in his individual capacity; JAMES EDLUND, in his individual capacity; and Does 1 through 50, inclusive,

        Defendants.

Case No.: 1:23-cv-01695-KES-SKO

**ORDER DENYING WITHOUT PREJUDICE STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE: CONFIDENTIAL DOCUMENTS**

## I. INTRODUCTION

On May 21, 2024, the parties filed a request seeking Court approval of their Stipulation and Protective Order. (Doc. 22). The Court has reviewed the proposed stipulated protective order and has determined that, in its current form, it cannot be granted. For the reasons set forth below, the Court DENIES without prejudice the parties' request to approve the stipulated protective order.

## II. DISCUSSION

Pursuant to Local Rule 141.1(c), any proposed protective order submitted by the parties must contain the following provisions:

    (1)    A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

    (2)    A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

1

(3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c).

The parties' order, in its current form, does not satisfy Rule 141. The proposed protective order does not provide a description of the type of information eligible for protection in a way that is sufficient to reveal the nature of the information. (*See, e.g.,* Doc. 22 at 2 (defining confidential information as "information (regardless of how it is generated, stored or maintained) or tangible things in the possession of a Designating Party who believe in good faith that such information qualifies for protection under Federal Rule of Civil Procedure 26(c).").) At most, the proposed protective order "extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles," though it is unclear what kind of information the parties' are seeking to protect. The parties also fail to identify a "particularized need for protection," and why that "the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties." Without this information, the Court cannot grant the parties' stipulation (Doc. 22), and it will be denied without prejudice. The parties may re-file a revised proposed stipulated protective order that complies with Local Rule 141.1(c) and corrects the deficiencies set forth in this order.

### III.   CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the parties' request for approval of their stipulated protective order (Doc. 22) is DENIED without prejudice subject to renewal of the request.

IT IS SO ORDERED.

Dated:   **May 23, 2024**                             /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE